## STATE TREASURER *vs.* ELISHA M. COOK.

Upon a suit against bail upon a recognizance forfeited for the appearance of a respondent, ordered by a Justice on a complaint of a town grand juror, upon which said Justice makes no minute of the time when the same was presented, agreeably to the requirements of the 5th section of the act for the limitation of suits on penal statutes—*Held*, the recognizance is irregular and void.

This was an action in common form, on a recognizance for an appearance, ordered by a justice of the peace, upon a complaint to him made by a town grand juror, against one Solomon Smith for an assault and battery, who was bound over for trial at the county court.

An indictment was found by the grand jury. The bond became forfeit by the non-appearance of Smith, the respondent. This suit was commenced against the bail alone. The defendant moved to dismiss, on the ground that no minute was made by the justice upon the complaint of the time when the same was exhibited to him.

*Sargeant, for respondent,* insisted that the whole proceeding before the magistrate where the recognizance was taken,

is void·for want of a minute of the true day, month and year <span>BENNINGTON,<br>February,<br>1834.</span> when the complaint was exhibited.—Rev. Stat. 289.

The statute is imperious, and stronger language could not be <span>State Treasurer<br>vs.<br>Cook.</span> used by the legislature of their intention to vitiate any proceeding without it. How then can a good recognizance be based upon a void process?

It is said by Judge Prentiss, in one case, that it may well be doubted whether the proper construction of that statute requires the expression *void* to be any thing more than voidable; but it will be noticed, that decision was gratuitous, and not called for by the case. It is based upon the notion that all judgments are operative *upon the parties* until reversed. But, how can a *void* proceeding be a judgment?—2 Aik. R. 249.

Without doing violence to that rule, it is sufficient to say, the present defendant was no party to that proceeding, and he now embraces his first opportunity to take the exception.

*Bennet, State's Attorney, contra.*

The opinion of the court was pronounced by ·

MATTOCKS, J.—This was an action of debt on a recognizance taken before a justice. It appears that a complaint was exhibited by a town grand juror against Solomon Smith for assault and battery.—That no minute was made by the justice of the time when it was presented, as required by the 5th section of the act "for the limitation of suits on penal statutes, criminal prosecutions and actions at law;" which directs, when any complaint or information shall be exhibited to a magistrate, he shall make a minute in writing, under his official signature, of the true day and month and year when the same was exhibited or signed, and that every complaint or information, on which such minute was not made, "shall be void."—That Smith, on this complaint, was ordered to find bail to appear and answer thereto at the next county court.—That he and this defendant entered bail.—That at the county court an indictment was found against Smith, who not appearing, the recognizance became forfeit, on which this suit was brought against Cook alone. And the defence interposed was, that the complaint being void under the statute, for lack of a minute—that the proceedings of the justice thereon were *coram non judice* and void under the statute, and the recognizance not obligatory.

In the case of *Allen* vs. *Huntington & Fisher*, 2 Aik R. 249,

BENNINGTON,
February,
1834.

State Treasurer
vs.
Cook.

it was decided that an execution issued upon a judgment, rendered in an action where a minute was supposed to be required, without such minute, was a good justification to the officer who executed it; and the court also say, that though the writ is declared void, the judgment is only voidable by plea or writ of error: and this is supported by a strong case there cited from 2 Salkeld. And it is further said, that until the judgment is set aside, or vacated, it forms a good justification for the proceedings had to enforce it: that is, as I understand it, the subsisting judgment would protect the plaintiff in such judgment as well as the officer. So far as this case goes, it is an authority not questioned. But suppose debt on *scire facias* brought upon such a judgment, and *nul tiel record* plead, or the defendant should pray oyer of the record, and demur, so that the validity of the record should directly be put in issue between the parties; whether this would be such a defect as would make the judgment voidable, was not before the court in the case cited. And if it would not, on the ground that the defect in the writ was waived or cured by a judgment upon the merits, without the objection having been made; yet the question remains, what is the effect in this criminal prosecution, where no judgment or sentence was passed upon the respondent, but an order made upon him to find bail to appear at a higher court, and abide the trial and judgment that should ensue? Is this so much in the nature of a judgment as to preclude or estop the respondent, and the defendant his bail, from setting up the original fatal defect in the complaint as a defence? There is a case in Forresby's Mod. Cases 6, cited by 5 Dane, 279, which says, "If there is error in the original judgment, the bail may take advantage of it on the *scire facias* against them, for they cannot have error on that judgment; but otherwise, if there is in the judgment on the *scire facias*; for then it is too late to complain of error in the original judgment: this ought to have been pleaded on the *scire facias* the first opportunity to plead it." To a *scire facias* against bail in the action, they may plead *nul tiel record* of the recognizance, or of the judgment against the principal.—2 Saunders, 228, note.

In *Miles* vs. *Bond*, 1 Strange, 399, "In debt on bail-bond exception was taken that the original process appeared to be returnable at a day out of term. Fayukerly for plaintiff said, they should have pleaded the Statute Henry VI.: But the court

held it not necessary, this being a void process, and the plaintiff prayed leave to discontinue."

BENNINGTON,
February,
1834.

State Treasurer
vs.
Cook.

In *scire facias* on judgment, it is well settled that defendant cannot plead any matter which he might have pleaded to the original action. But in suits against bail, the bail not having been a party to the original action, could not have defended the suit. Yet he is not to be allowed to try his principal's suit over again upon the merits. But it seems from the few authorities that I have found, which are before cited, 1. That the bail may plead *nul tiel record* of the judgment against the principal, which will test the legality of that record. 2. That he may take advantage of error in the original judgment; and the case in Strange seems to be a case in point to show that if the process was void, although a judgment followed a process, yet the bail taken by the sheriff on such process was not holden.— All the difference that is perceived between that case and the present is, the justice here made an unlawful order, and took bail on a void criminal process; and in that, the sheriff on a void civil process. In all these cases, where a minute is required, the practice has been not to require the defect to be plead in abatement, but to dismiss on motion, in any stage of the proceedings pending the original suit or complaint. In analogy to it, at least, if not on the ground of want of jurisdiction, if the complaint being void, the justice had not jurisdiction of the party respondent, then of course it would seem the bail would not be holden, any more than the bail on a writ of slander, returnable before a justice, or where the plaintiff claimed over $100. But going on the ground that pleading to the merits waives this defect, and the justice having before jurisdiction of the crime and the party, that such waiver gives him jurisdiction of the cause; yet in these courts of enquiry, there is no plea required nor pleaded: And is the omitting to move to quash, such a waiver as to authorize the justice to make an order for bail? Suppose the respondent had made the motion, and it had been overruled, which must have been final, as there is no appeal from a court of enquiry, then would the doings of the justice have been so far legal as to fix the bail; or suppose no bail was offered, and the justice had committed, would this have been legal? Suppose the proceedings of the magistrate had been predicated upon the complaint of a private person, without oath or security, could the bail then have been charged?

BENNINGTON,
*February*,
1834.

State Treasurer
*vs.*
Cook.

Upon the whole, it is believed that as there was an essential and positive requirement of the law omitted—one which the statute says shall render the complaint or information void—and as no plea in chief has been pleaded, nor condition had, that whatever may be the effect upon the parties, or their bail, in a suit which has been tried upon the merits, and not appealed from, that it would not be safe to consider this record of the justice as valid, so as to subject the bail ; but for this purpose, it is deemed irregular and void.

The judgment of the county court is reversed.

WILLIAMS, Ch. J., dissenting.